## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JONATHAN MONSARRAT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 20-cv-10810-PBS |
| | ) | |
| v. | ) | **OBJECTION TO DESIGNATION OF** |
| | ) | **RELATEDNESS AND MOTION TO** |
| RON NEWMAN, | ) | **RETURN CASE FOR REASSIGNMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

Plaintiff Jonathan Monsarrat ("Monsarrat") erroneously designated this case as "related" to *Monsarrat v. Zaiger*, Case No. 17-cv-10356-PBS ("*Zaiger*"). Doc. 1-1 ¶ VIII. Pursuant to L.R. 40.1(g)(4) and 40.1(i)(1), Defendant Ron Newman ("Newman") objects to that designation and respectfully moves the Court for an order correcting the erroneous assignment of this action as "related" to *Zaiger* and returning it to the clerk for reassignment.

### FACTUAL RECORD

In *Zaiger*, Monsarrat alleged that Brian Zaiger ("Zaiger"), infringed the copyright of a "June 2, 2000 MIT beaver costume photograph" on the website Encyclopedia Dramatica ("ED"). First Amended Complaint, *Zaiger*, ECF No. 58 ¶¶ 2-4, 7, 46, 48, 58-60. The Court dismissed his claim as time-barred under 17 U.S.C. § 507(b) because Monsarrat knew of that use on ED more than three years before that suit. *Id.*, ECF No. 79; 286 F. Supp. 3d 253, 257 (D. Mass. 2017).

In this action, Monsarrat alleges that Newman defamed him by migrating third-party comments made about Monsarrat in 2010 from an online discussion group hosted on the website LiveJournal ("LJ") to a new host server, Dreamwidth, in 2017. Doc. 9 ¶¶ 8-9, 16-20. He also alleges that Newman thereby infringed his copyrights in a "literary work" Monsarrat had posted on LJ in 2010 by migrating it to Dreamwidth. *Id.* ¶ 45.

## GOVERNING RULES

Under the Court's related-case rule, civil cases are related only if they share a party, *and*

> if one or more of the following similarities exist also: the cases involve the same
> or similar claims or defenses; or the cases involve the same property, transaction
> or event; or the cases involve insurance coverage for the same property,
> transaction or event; or the cases involve substantially the same questions of fact
> and law.

L.R. 40.1(g)(1). "The assignment of cases as related by the clerk shall be subject to correction only by the district judge to whom they have been assigned, who shall return cases erroneously assigned on that basis to the clerk for reassignment." L.R. 40.1(g)(4). "In the interest of justice or to further the efficient performance of the business of the court, a district judge may return a case to the clerk for reassignment, whether or not the case is related to any other case, with the approval of the chief judge." L.R. 40.1(i)(1).

The Court's recently proposed amendment to the rule sets forth an explicit procedure by which defendants may object to mis-designated cases and move for reassignment:

> If the defendant (or other responding party) believes that a case that has been
> designated as related should not have been so designated, that party shall file a
> motion in the later filed case to return the case to the clerk for reassignment.

Public Notice of Update to Local Rule 40.1 Assignment of Cases (D. Mass. June 9, 2020), https://www.mad.uscourts.gov/general/pdf/announce/06092020%20Public%20Notice%20Revisi on%20to%20Local%20Rule%2040.1%20Combined.pdf, at Proposed L.R. 40.1(g)(6)(A).

## ARGUMENT

### I.     Monsarrat's designation of this action as "related" to *Zaiger* was erroneous.

Though this action and *Zaiger* have the same plaintiff, they otherwise involve unrelated incidents and distinct claims over different facts. To be "related," civil cases must involve "the same or similar claims or defenses; or … the same property, transaction or event; or … insurance coverage for the same property, transaction or event; or … substantially the same questions of

fact and law." L.R. 40.1(g)(1). Because none of those similarities exist, designating this action as related to *Zaiger* was erroneous under the related-case rule.

***The cases do not involve the same or similar claims or defenses.*** Newman was not a party to *Zaiger*, and Monsarrat did not raise defamation as a cause of action in *Zaiger* as he does now. Instead he alleged an unauthorized use of the "beaver photograph" on ED. That claim was dismissed based on the copyright statute of limitations. In this action, no photograph is at issue, and the accrual date of Monsarrat's copyright claim against Zaiger is not germane.

Monsarrat alleges that comments posted on LJ in 2010 by third parties defamed him, and that once he dismissed his 2013 suit with prejudice, those comments were "no longer actionable." Doc. 9 ¶¶ 8-12, 16, 22. He alleges that after LJ changed its terms of service in 2017, Newman migrated those third-party LJ posts to Dreamwidth. *Id.* ¶¶ 7, 19-20. He further claims copyright infringement in the content of a migrated Monsarrat post. *Id.* ¶¶ 45-46. Defenses available to Newman may include, without limitation, collateral estoppel based on the 2013 suit, immunity under 47 U.S.C. § 230, the fair report privilege, copyright invalidity, fair use, and copyright misuse. The Court had no occasion to reach any of those theories in *Zaiger*. *See Zaiger*, ECF No. 79 at 10 n.2 (declining to reach Zaiger's alternate grounds for dismissal). Instead, when Zaiger's attorney began to outline a potential fair use issue at the scheduling conference in that action, Monsarrat's counsel insisted, "Your Honor, there is no need, in my view professionally, for this Court to wade into this area of the law and areas of first impression." *Id.*, ECF No. 41 at 9:5-7.

Even if the Court had taken up the issue of fair use in *Zaiger*, it would have to start from scratch to assess a different work on a different website. Fair use entails a fact-intensive, "case-by-case analysis." *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). No two fair use defenses are quite the same. Reassigning the case randomly will not sacrifice any efficiency.

***The cases do not involve the same property, transaction or event.*** This action does not involve Zaiger's alleged copyright infringement on ED, and *Zaiger* did not involve anything Newman did.[1] The cases involve distinct material facts. At issue in *Zaiger* was "a photoshopped alteration of Plaintiff's copyrighted beaver costume photo" posted on ED in 2008. *Zaiger*, ECF No. 58 ¶ 7 & Exs. A-B. It was not posted on LJ. This case concerns comments posted on LJ in 2010 and migrated to Dreamwidth in 2017; while a few of those comments mentioned ED, none mentioned or displayed the beaver photograph. Doc. 9 ¶ 8. Further, Monsarrat alleges that the entire page where that photograph appeared on ED was taken offline in April 2017. *Id.* ¶ 26. Therefore the photograph could not have been placed at issue in this action simply because Newman mentioned *Zaiger* on Dreamwidth in December 2017. *See id.* ¶¶ 31-33. Mentioning *Zaiger* did not make any factual issues involved in that case "related" to this action.

Monsarrat obscures this factual difference with extensive surplussage in the complaint discussing motion practice in *Zaiger*, and more about the results of Monsarrat's other federal action. *See id.* ¶¶ 13, 29-30. Monsarrat's discussion of those cases, to which Newman was not a party, is immaterial to the current claims and does not make those cases "related" to this one.

***The cases do not involve insurance coverage for the same property, transaction or event.*** Insurance is not at issue in the claims or defenses in this action or in *Zaiger*.

***The cases do not involve substantially the same questions of fact and law.*** The cases concern distinct legal and factual questions. *Zaiger* raised two questions: Was Zaiger liable for infringing the copyright in the beaver photograph? And if not, was Monsarrat liable for falsely claiming infringement? *Zaiger*, ECF Nos. 24, 31, 58. The Court answered no to both questions,

---

[1] Further, neither action "arose out of" the other action, or out of facts involved in the other action. *See* Public Notice of Update to Local Rule 40.1 Assignment of Cases, at Proposed L.R. 40.1(g)(1)(B)(II), which would deem cases related if they "arise out of" (rather than "involve") "the same occurrence, transaction, or property."

as it dismissed the infringement claim as time-barred and dismissed Zaiger's counterclaim for failure to prosecute. *Id.*, ECF Nos. 79, 149. Those questions are not substantially at issue and will not be relitigated in this action over third-party comments migrated from LJ to Dreamwidth.

## II.   This action should be returned to the clerk for reassignment.

This case is not related to *Zaiger* under L.R. 40.1(g)(1). Pursuant to L.R. 40.1(g)(4), its designation as related was in error and reassignment is appropriate. *See* Order, *Thiersaint v. Dep't of Homeland Security*, No. 18-cv-12406-PBS (D. Mass. Mar. 22, 2019); Order, *Ryan v. United States Immigration & Customs Enf't*, No. 19-cv-11003-PBS (D. Mass. May 3, 2019).

Cases that share only a plaintiff, but no material facts, should be assigned without regard to the plaintiff's preferences. The related case rule is "designed … to avoid the potential for judge shopping[.]" *Abdallah v. Bain Capital LLC*, No. 12-cv-12027-DPW, 2013 U.S. Dist. LEXIS 95538, *2 n. 1 (D. Mass. July 9, 2013), *aff'd*, 752 F.3d 114, 119 (1st Cir. 2014); *accord Dickey v. Southeast Hous. Court of Mass.*, No. 11-cv-11726-DPW, 2011 U.S. Dist. LEXIS 132373, *22-23 (D. Mass. Oct. 10, 2013) (denying request to treat cases as related).

Further, the Court should return this case for reassignment "[i]n the interest of justice or to further the efficient performance of the business of the court." L.R. 40.1(i)(1). Granting this motion will serve the interest of justice and further the efficient performance of the Court's business. *See Bailey v. Dart Container Corp.*, 980 F. Supp. 584, 590 n. 11 (D. Mass. 1997) (a violation of "this district's related case rule … impedes the administration of the court").

## CONCLUSION

Therefore, Newman respectfully requests that the Court return the case to the clerk for reassignment.

Respectfully submitted,

Dated: October 6, 2020

/s/  Dan Booth
Daniel G. Booth (BBO# 672090)
DAN BOOTH LAW LLC
121 Thoreau Street #121
Concord, MA 01742
Telephone: (646) 573-6596
dan@danboothlaw.com

*Counsel for Defendant Ron Newman*

## CERTIFICATE OF SERVICE

I certify that the foregoing document is filed on this date via the Court's ECF system and will be served thereby upon Plaintiff.

Dated: October 6, 2020                           /s/  Dan Booth

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

I certify that pursuant to L.R. 7.1(a)(2), I conferred with counsel for Plaintiff in a good-faith attempt to narrow or resolve the issues raised in this motion by telephone on September 11, 2020, and by email on September 11, September 18, and October 6, 2020. Plaintiff opposes the relief requested.

Dated: October 6, 2020                           /s/  Dan Booth