UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                )
JONATHAN MONSARRAT,                             )
                                                )
*Plaintiff*,                                    )
                                                )          CIVIL ACTION NO. 20-cv-10810-PBS
v.                                              )
                                                )
RON NEWMAN                                      )
                                                )
                                                )
*Defendant*.                                    )
_____)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S OBJECTION TO LR 40.1(g) RELATEDNESS DESIGNATION

The plaintiff Jonathan Monsarrat ("Plaintiff" or "Monsarrat") files this Opposition to the

Objection, Doc. 12, of the defendant Ron Newman ("Defendant" or "Newman") to Plaintiff's

April 28, 2020 L.R. 40.1(g) designation, Doc. 1-2, of this action as being related to the prior

action of *Jonathan Monsarrat v. GOTPER6067-00001 et al and Brian Zaiger dba*

*EncyclopediaDramatica*, civil action No. 1:17-cv-10356-PBS ("Zaiger case") which was

terminated on September 16, 2018. Defendant's request "for an order correcting the erroneous

assignment of this action as 'related,'" Doc. 12 at 1, is ill-founded and must be denied.

### I.      RELEVANT BACKGROUND.[1]

For the past several  years Monsarrat has sought to redress a single legal injury, the

continuing harm to him caused by a series of baseless, false accusations that he is a pedophile, a

_____

[1] Plaintiff references some of the pleadings and certain of the proceedings in the prior Zaiger Case. See *Afrasiabia v. Awad*, CA No. 14-10239-PBS, at *6 (D. Mass. Sep. 14, 2015) citing *E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1ˢᵗ Cir. 1986) (may take judicial notice of complaint in related case as well as  notice of proceedings that "have a direct relation to matters at issue").

sexual predator of young girls, published on the internet initially anonymously by so-called "trolls"[2] notably on the website EncyclopediaDramatica, characterized by some as Wikipedia's evil twin[3], and also on a LiveJournal interactive blog which salted its libelous screed with links to the EncyclopediaDramatica jonmon page about him; and as the latter was most recently republished by Newman on Dreamwidth. See Zaiger Case, Doc. 1 ¶4; Amended Verified Complaint,  Doc. 9, ¶¶8,10-14.

In his 2017 complaint in the Zaiger Case seeking a takedown of the EncyclopediaDramatica "jonmon" page  repeatedly referenced in the LiveJournal defamatory posts about him (see *id*.), Monsarrat represented to the Court the reason he had sued was "because without his consent and without right," his copyrighted photograph had been "copied and altered to maliciously and falsely label him a pedophile." Zaiger Case, First Amended Complaint, Doc. 58 ¶ 1.  The allegedly infringing EncyclopediaDramatica "jonmon" page included references to, as well as purported quotations from, the LiveJournal pejorative and defamatory statements (see Exhibit C, First Amended Complaint, filed under seal); as Zaiger's counsel explained to the Court some of the alleged infringements were the subject of a "previously filed … defamation suit against a number of people for these same works." Zaiger Case, July 18, 2017 Scheduling Conference, Doc. 41 at 7:4-18.  During a December 5, 2017 hearing, the Court observed that Zaiger had used his alleged infringement, altering Monsarrat's copyrighted photograph to a "Pedobear" image to "imply[]" or in fact "portray[] …[Monsarrat] as being a pedophile." See Zaiger Case,  Doc. 74, Dec. 5, 2017 hearing Tr. at 19:11 (COURT:

---

[2] In his proposed Counterclaim for defamation in the Zaiger Case Monsarrat characterized "trolling" as "internet postings or online harassment seeking to destroy a person's reputation with hateful untrue statements, an active campaign of fake news." Zaiger Case, Doc. 93-1, ¶ 21 at 9. See also Wikipedia definition at https://en.wikipedia.org/wiki/Internet_troll; *White v. Ortiz*, 2015 DNH 176, 3-4, n. 1 at 4 (D. N.H. 2015) citing Wikipedia definition.
[3] See Zaiger Case, Doc. 93-1, Proposed Counterclaim, ¶6 at 5-6.

"what's a Pedobear?"); 19:25 to 20:3; 18:1-3.[4]  After the Court dismissed the copyright claim as untimely, leaving Zaiger's counterclaim as the sole pending operative complaint for relief, Monsarrat moved to amend his answer to add a counterclaim for defamation. Zaiger Case, Docs. 93, 94. See Docs. 149, 151 Order(s) denying the motion to amend as untimely.

Monsarrat's 2020 action mirrors the Zaiger Case.  Monsarrat alleges that Newman republished the same defamatory false accusations of despicable crimes initially published by anonymous trolls on LiveJournal which were sometimes parroted or referenced in the EncyclopediaDramatica "jonmon" pedophile screed.  First Amended Verified Complaint, Doc. 9 ¶¶8-10, 20-21.  In this action Monsarrat complains of the very same continuing injury proximately caused by the same and/or similar internet trolling and defamatory false accusations as he did in the Zaiger Case. See e.g., *id.* ¶¶1, 27,28, 31-34, 38-39; Zaiger Case, First Amended Complaint, Doc. 58, ¶¶1, 7, 9, 17, 20. In this action against Newman Monsarrat seeks redress for the *per se* defamatory statements that have caused, and continue to cause, injury to his reputation and to his entrepreneurial efforts to develop an augmented reality internet interactive video game to be marketed to young adults of both sexes. First Amended Verified Complaint, Doc. 9, ¶¶2, 28, 33-39.

In this action Monsarrat alleges the same continuing injury arising out of the same EncyclopediaDramatica and LiveJournal trolling defamatory postings as republished by Newman on Dreamwidth.  In addition Monsarrat's allegations of intentional harm and of improper and malicious motive are pleaded as arising directly out of the Zaiger Case.  Monsarrat alleges that Newman kept abreast of the proceedings and developments in the Zaiger case and

---

[4] Zaiger had photoshopped the photograph of Monsarrat, as a volunteer MIT campus guide, wearing an MIT beaver mascot costume, to Monsarrat garbed as the internet Pedobear meme which image Zaiger's counsel explained to the Court was used "anytime somebody exhibited …pedophilic tendencies." *Id*. at 19:9-24.

was aware that the "jonmon" page had been taken down from the EncyclopediaDramatica website. See *id*. ¶¶ 29-34. In December 2017 Newman supplemented his April 2017 republication of the prior LiveJournal defamation with a follow up report about the Zaiger Case; and, allegedly did so to encourage the Dreamwidth community as well as others worldwide, via search engines with two more recent 2017 timestamps, to access and read and then read on Pacer, or on legal news websites, the original EncyclopediaDramatica jonmon page. *Id.*

As in the Zaiger Case, Monsarrat alleges copyright infringement for allegedly unlawfully copying and publishing Monsarrat's copyrighted work "as an integral part of Defendant's defamatory statements accusing the Plaintiff of despicable crimes." First Amended Verified Complaint, Doc. 9 ¶1.

## II.    APPLICABLE LEGAL STANDARD.[5]

In pertinent part the April 28, 2020 then applicable Local Rule 40.1 (g) **Related Civil Cases**, provided:

> **(1)** For purposes of this rule, a civil case is related to one previously filed in this court if some or all of the parties are the same and if one or more of the following similarities exist also: the cases involve the same or similar claims or defenses; or the cases involve the same property, transaction or event; …  or the cases involve substantially the same questions of fact and law. …This rule shall not apply if more than two years have elapsed since the closing of the previous action.
>
> **(2)** If the party filing the initial pleading believes that the case is related to a case already assigned, whether or not the case is then pending, that party shall notify the clerk by notation on the local civil category sheet indicating the title and number of each such earlier case
>
> **(3)** The clerk shall assign related cases to the same district judge without regard to the number of other cases in that category previously assigned to that judge. Related cases shall be counted as cases assigned, except as the chief judge may otherwise direct.
>
> **(4)** The assignment of cases as related by the clerk shall be subject to correction only by the district judge to whom they have been assigned, who shall return cases erroneously assigned on that basis to the clerk for reassignment.

---

[5] Plaintiff acknowledges the Court's June 9, 2020, notice of proposed change to LR 40.1(g), referenced by Newman, Doc. 12 at 2, as well as the amendment of LR 40.1(g) effective for cases filed on or after August 7, 2020.

### III.    ARGUMENT.

1. *The two cases do involve the same claims in that each demand[s][ed] redress for the same injury caused by publication of essentially the same or similar false defamatory statements by different defendants.  Monsarrat's two separate rights of action against two individuals present the same essential cause of action.*

There is a fundamental right, a cause for legal action, to obtain legal redress for injury caused by published false accusations of criminal conduct.  Dependent upon the attendant (legal and factual) circumstances that person may have one or more separate rights of action to remedy the same harm caused him by those individuals who separately, without privilege, publish such libel. Like a confluence of two rivers conceptually these two cases flow together as a single cause of action.

2. *Newman's contention, Doc. 12 at 3, that "Monsarrat did not raise defamation as a cause of action in Zaiger" is contextually misleading.*

It is indisputable the cause for which Monsarrat sought redress by his nominally copyright infringement complaint was in fact defamation. And when his copyright claim was dismissed as untimely Monsarrat indeed moved to amend to add a defamation claim for the same operative facts.

3. *While it is undisputed that both cases involve the same or similar claims of copyright infringement to remedy the same defamation, the two cases apparently will involve same or similar defenses; Newman acknowledges his likely affirmative defenses will include fair use (Doc. 12 at 3).*

According to Newman the copyright laws, and the fair use doctrine, may be used to protect otherwise actionable speech.  This is the same affirmative claim made by Zaiger's counterclaim for damages alleging that Monsarrat's takedown request was made in bad faith. Specifically, Zaiger contended the fair use doctrine permitted his unauthorized copying and alteration of Monsarrat's MIT beaver costume photo with his added caption accusing Monsarrat of being a pedophile.  See Zaiger Case, Answer and Counterclaim, Doc. 24; July 18, 2017 Status

Conference, Doc. 41, at 5:15-17 ("primary defense is, yes, your Honor, fair use); Zaiger

Opposition to Motion for judgment on the pleadings, Doc. 96 at 14 (in seeking a takedown

"Monsarrat acted in bad faith and did not consider fair use"), 22 (contending that photoshopping

Monsarrat's copyrighted MIT beaver costume into the internet meme "Pedobear" and adding a

caption "Jon Monsarrat reveals his core problem" constitutes a "transformative" fair use). In this

case Monsarrat alleges that by his follow up December 2017 report Newman encouraged others

to view online the original EncyclopediaDramatica jonmon page. First Amended Verified

Complaint, Doc. 9, ¶33.

> 4.  *Consideration of the recently amended LR 40.1(g) would likewise require denial of the motion.*

The plaintiff in both cases is the same and the two year time limitation is not applicable.

Hence if the action had been filed on or after August 7, 2020 the two cases would necessarily be

related under the as amended LR 40.1(g).  They would be so related if for no other reason that

each of the two cases "arise[s] out of the same" operative set of facts presenting essentially the

same cognizable injury proximately caused by same publication on the internet of essentially the

same or similar defamatory false accusations. LR 40.1 (g)(B)(ii).

## IV.   CONCLUSION.

This is not a case of "judge shopping." In good faith Plaintiff's counsel designated this

case as related to the prior Zaiger Case. Defendant's Objection to Designation of Relatedness

and Motion to return case for reassignment must be denied.

DATED: October 16, 2020

Respectfully submitted,

JONATHAN MONSARRAT,
Plaintiff,

By his attorneys,

*ss/  Richard A. Goren*
Richard A. Goren, Esq. BBO #203700
Law Office of Richard Goren
29 Crafts Street, Suite 500
Newton MA 02458-1461
617-933-9494
rgoren@richardgorenlaw.com

*/s/ Ryan D. Sullivan*
Ryan D. Sullivan (BBO#660696)
rsullivan@curranantonelli.com
Curran Antonelli, LLP
10 Post Office Square, Suite 800 South
Boston, MA 02109
617-410-6340
rsullivan@curranantonelli.com

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 16, 2020

*/s/Richard A. Goren*