UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JONATHAN MONSARRAT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 20-cv-10810-RGS |
| ) | |
| v. ) | **MOTION TO DISMISS** |
| ) | |
| RON NEWMAN, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Ron Newman ("Newman") respectfully moves the Court for an order dismissing this action in its entirety. Plaintiff Jonathan Monsarrat ("Monsarrat") alleges copyright infringement and defamation via online comments originally posted on the website LiveJournal. Neither claim is actionable.

Monsarrat's allegedly infringed "literary work" is a 2010 post in the Davis Square discussion forum on LiveJournal ("DSLJ"), which Newman moderated. Doc. 9 ¶¶ 9, 45; Exhibit D p. 95, Exhibit H. In that post, Monsarrat threatened to pursue harassment claims with LiveJournal unless Newman and other DSLJ users deleted their posts from the forum. In 2013 Monsarrat raised, and dismissed with prejudice, claims in state court against Newman and others over their online comments and alleged copyright infringements, chiefly on DSLJ. Doc. 9 ¶¶ 11-12, Exhibits A & F. He alleges that Newman republished the DSLJ forum comments on the website Dreamwidth in 2017, including Monsarrat's post. Doc. 9 ¶¶ 16-20, 46; Exhibits I & K pp. 159-160. Newman's repost of that threat against him is fully protected as a fair use. He preserved the threatening post in an archival, non-commercial record of the disputed comments. It served a distinct, transformative purpose than Monsarrat had in issuing the threat, and it cannot have harmed any "market" for distributing the threat, because no such market exists.

1

Monsarrat concedes that his dismissed 2013 claims over the allegedly defamatory 2010 posts are "no longer actionable." Doc. 9 ¶¶ 8-12, 16, 22. For a second bite at the apple, he contends that Newman became liable for third-party comments upon migrating the DSLJ forum to its current web host Dreamwidth in 2017. *Id.* ¶¶ 20-25. Three of those comments appeared on websites over which Newman had no control, not on DSLJ or Dreamwidth, and Monsarrat has agreed to stipulate to dismissing or removing his allegations over those comments. *Id.* ¶¶ 8, 21(i); Exhibit A ¶¶ 47 (cmt. 1), 49 (cmt. 2), Exhibits C, U. And for the comments that were migrated, Newman is absolutely immune from the claim under 47 U.S.C. § 230. He neither wrote nor solicited the comments, and migrating them to a new server did not alter their content or give them any defamatory character. Section 230 prohibits treating him as their author for purposes of the claim.

Therefore, and for the reasons further given in the supporting memorandum of law and the request for judicial notice filed herewith, and based on the full record of documents filed on the docket and within the scope of the Courts' Rule 12 analysis, including Exhibits A through U hereto, Ron Newman respectfully requests that the Court dismiss this action in its entirety.

Dated: November 30, 2020                    /s/ Dan Booth
                                            Daniel G. Booth (BBO# 672090)
                                            DAN BOOTH LAW LLC
                                            121 Thoreau Street #121
                                            Concord, MA 01742
                                            Telephone: (646) 573-6596
                                            dan@danboothlaw.com

                                            *Counsel for Defendant Ron Newman*

## CERTIFICATE OF SERVICE

I certify that the foregoing document, Exhibits A through U hereto, and the supporting memorandum of law, filed on this date via the Court's ECF system, will thereby be served upon Plaintiff.

Dated: November 30, 2020                                             /s/ Dan Booth

## CERTIFICATE OF COMPLIANCE WITH RULE 7.1(a)(2)

I certify that I conferred with Richard Goren, counsel for Plaintiff Jonathan Monsarrat, in an effort to resolve or narrow the issues in dispute in this motion. On November 27, 2020, Mr. Goren stated that "the plaintiff will stipulate to the removal/dismissal of the three allegedly defamatory comments that were not in fact published on Dreamwidth," and "upon agreement as to form the plaintiff agrees to promptly file such stipulation."

Dated: November 30, 2020                                             /s/ Dan Booth