COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
C.A. NO.: MICV2013-00399-C

JONATHAN GRAVES MONSARRAT,

*Plaintiff,*

vs.

DEB FILCMAN, RON NEWMAN, and
JOHN AND JANE DOES 1-100, presently
unknown individuals;

*Defendants.*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Jonathan Graves Monsarrat ("**Plaintiff**" or "**Monsarrat**"), by and through his

undersigned counsel, state as follows upon actual knowledge with respect to himself and his own

acts, and upon information and belief, as to all other matters complained of against Defendants

Deb Filcman ("**Filcman**"), Ron Newman ("**Newman**") and John and Jane Does 1-100 ("**Does

Defendants**") (Filcman, Newman and Doe Defendants are collectively referred to as

"**Defendants**"):

## NATURE OF THE ACTION

1.      This is an action arising from Defendants' ongoing efforts and conspiracy to

smear Plaintiff's reputation, infringe Plaintiff's intellectual property, and interfere with

Plaintiff's business and business prospects by way of false and defamatory Internet postings.

2.      Following a January 29, 2010, criminal arrest of Plaintiff, which charges were

ultimately dismissed against him, Filcman, Newman and Does Defendants began a concerted

- 1 -

defamatory attack on the character and reputation of Plaintiff, in which others have joined, through numerous inter-connected postings on various websites throughout the Somerville, Massachusetts Internet community.

3.       Each of the Defendants joined together with the joint purpose and material intent, and acted for and as actual and apparent agents of each other, and conspired together for the common cause and purpose of committing the acts described herein that substantially injured Plaintiff.

4.       Defendants' tortious acts complained of herein are ongoing and continuous, and were, and are still, intended to damage and ruin the reputation, regard, esteem and goodwill associated with Plaintiff and Plaintiff's businesses, as defined below.

## THE PARTIES

5.       Plaintiff Jonathan Graves Monsarrat is a business owner in the State of Massachusetts, and has been singled out in Defendants' false and defamatory Internet postings.

6.       Upon information and belief, Defendant Filcman is a resident of Middlesex County, Massachusetts, and was or is a freelance journalist and copywriter.

7.       Upon information and belief, Defendant Newman is a resident of Middlesex County, Massachusetts, and was or is a freelance journalist and copywriter.

8.       Defendants John and Jane Does 1 through 100 are individuals whose true names and addresses of residence are currently unknown and unascertainable by Plaintiff, who have defamed Plaintiff through various false and defamatory Internet postings, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff intends to identify the Doe Defendants through means of discovery and will amend this lawsuit to identify the Doe Defendants by proper legal names upon obtaining such information.

9.      Defendant Filcman and Defendant Newman intentionally planned and orchestrated this cybersmear attack upon Plaintiff and Plaintiff's business (as defined below) through their own acts and through their means of solicitation and engagement of Does Defendants as alleged herein this Complaint.

10.     Defendants Filcman, Newman and Doe Defendants joined together with joint purpose and material intent, and acted for and as actual and apparent agents of each other, and conspired together for the common cause and purpose of committing the acts described herein that substantially injured Plaintiff.

## JURISDICTION AND VENUE

11.     The Massachusetts Superior Court has jurisdiction over this action pursuant to G.L. c. 223A, § 3 and G.L. c. 214, § 1.

12.     The amount in controversy exceeds twenty-five thousand dollars ($25,000), exclusive of interest and costs.

13.     Venue in this forum is proper pursuant to G.L. c. 223, § 1.

14.     This Court has personal jurisdiction over Defendant Filcman because she is domiciled and is residing in the state of Massachusetts, and Middlesex County.

15.     This Court has personal jurisdiction over Defendant Newman because he is domiciled and is residing in the state of Massachusetts, and Middlesex County.

16.     Jurisdiction over Defendant Filcman is constitutional because Filcman is present in and maintains a domicile in Middlesex County, Massachusetts.

17.     Jurisdiction over Defendant Newman is constitutional because Newman is present in and maintains a domicile in Middlesex County, Massachusetts.

18.    Jurisdiction over those Doe Defendants residing outside of the state of Massachusetts is constitutional under the Massachusetts long-arm statute, Mass. Gen Laws. ch. 223A, § 3, because such Doe Defendants engaged in substantial activity within and purposely, knowingly directed activity and defamatory statements into Massachusetts causing injury and purposely availed themselves of the privilege of conducting activities within the state of Massachusetts both through their conspiracy with Filcman and otherwise.

19.    The claims alleged in this Complaint arise in the state of Massachusetts, Middlesex County and elsewhere.

## FACTUAL BACKROUND AND GENERAL ALLEGATIONS

20.    Plaintiff is an individual, who is an entrepreneur and owns several businesses, including but not limited to, Wheel Questions, Hard Data Factory, Inc., Events INSIDER and Monsarrat Consulting (collectively, **"Plaintiff's businesses"**).

21.    Plaintiff depends to a great degree upon his reputations and the goodwill he has built up with the public at large, both generally in business and specifically in finding new customers and business opportunities on the Internet.

22.    On January 29, 2010, Plaintiff was arrested for the offense as described in the criminal docket, attached and incorporated hereto as **Exhibit 1**.

23.    All charges alleged against Plaintiff as stated in **Exhibit 1** were dismissed as stated in **Exhibit 1**.

24.    Plaintiff's arrest resulted from a party held at an apartment where Plaintiff was temporarily residing as a guest. As a temporary guest at this apartment, Plaintiff did not have a bedroom and slept on the couch.

25.    The party leading to Plaintiff's arrest was hosted by another third party, "Trano", and not by Plaintiff.

26.    This other third party, Trano, provided music entertainment, bouncers and beer at this party, which Plaintiff knew nothing about until the immediate time leading up to the commencement of the party.

27.    Plaintiff was not aware of any drugs being used at the party by any of the attendees, and if drugs were being used, they were not supplied by Plaintiff and were done so without Plaintiff's knowledge.

28.    At all times during the party, Plaintiff did not consume any alcohol or drugs.

29.    At all times during the Party, other than the third party, Trano, who hosted the party, Plaintiff did not invite or know any of the attendees of the party.

30.    One attendee at this party consumed too much beer, and was taken to the hospital. On January 29, 2010, this attendee who was taken to the hospital was five months from her twenty-first birthday.

31.    As noted above, Plaintiff is well known in Somerville, Massachusetts, and in Plaintiff's businesses' communities and industries.

32.    When certain individuals became aware that Plaintiff was associated with this party, it lead to a wide-spread cyber-smear campaign against him to damage his reputation that has resulted in monetary damages, emotional damages and physical threats to Plaintiff and his well-being.

33.    Defendants crossed the line by not merely reporting what was alleged in the police report, but then published additional misleading, false and defamatory statements about Plaintiff and Plaintiff's businesses for the purposes of causing monetary damages, emotional

damages and physical threats to Plaintiff and his well-being, which such damages did in fact occur to Plaintiff.

34.    Defendant Filcman is listed as the blog author of the blog article dated February 4, 2010, and entitled "Will I be arrested? Guess the wheel didn't answer that one." published on and viewable at <http://blogs.wickedlocal.com/somerville/2010/02/04/will-i-be-arrested-guess-the-wheel-didnt-answer-that-one/#axzz2Jc3OlHpW> ("**Will I Be Arrested Blog Article**"), which is attached and incorporated hereto as **Exhibit 2**.

35.    Defendant Filcman is also listed as the blog author of the blog article dated March 8, 2010, and entitled "Not a question best answered by the Wheel" published on and viewable at <http://blogs.wickedlocal.com/somerville/2010/03/08/not-a-question-best-answered-by-the-wheel/#axzz2Jc3OlHpW> ("**Not A Question Blog Article**"), which is attached and incorporated hereto as **Exhibit 3**.

36.    Both Will I Be Arrested Blog Article and Not A Question Blog Article invite readers to post responses to such blog articles, which responses are published below these blog articles globally via the Internet.

37.    All of the response posts to each of Filcman's blog articles target Plaintiff and Plaintiff's businesses.

38.    The purpose of Will I Be Arrested Blog Article and Not A Question Blog Article, evidenced in part by their titles, as well as in the published content and responses thereto, is to defame Plaintiff, and those associated with him.

39.    Filcman, Newman and Does Defendants have used these blog articles to publish numerous misleading, false, and defamatory statements about Plaintiff in furtherance of their efforts to defame Plaintiff and Plaintiff's businesses, including, but not limited to:

a.  Will I Be Arrested Blog Article entitled "Will I be arrested? Guess the wheel didn't answer that one.", which alleges that Plaintiff was providing **"alcohol and marijuana"** to **"teenagers"** (*emphasis in original*).

b.  A response post to the Will I Be Arrested Blog Article published by Doe Defendant Somerspeak on February 4, 2010, alleging that Plaintiff is a **"creep"** who **"throw[s] keggers for 20 year olds"** (*emphasis in original*).

c.  A response post to the Will I Be Arrested Blog published by Doe Defendant Gene on February 5, 2010, alleging that Plaintiff is a **"guy [who] has a loooooong history of creepism"**.

d.  A response post to the Will I Be Arrested Blog Article published by Doe Defendant Somerspeak on February 5, 2010, alleging that Plaintiff was **"serving alcohol to kids under 21"** and **"If [Doe Defendant Somerspeak] ever caught one of my kids [with 'creepy' Plaintiff], there would be hell to pay for both of you."**

e.  A response post to the Will I Be Arrested Blog Article published by Doe Defendant erinyes on February 6, 2010, alleging that Plaintiff was **"well known for *luring* younger, curious women into his parties, trying to *seduce* them, and completely alienating them from a genuinely open and inviting community that has done a lot for LGBT and sexual health groups."**

f.  A response to the Will I Be Arrested Blog Article published by Doe Defendant Finnigan on February 6, 2010, admits that there is a collaborated effort by Defendants **"based on threads at DS LiveJournal"**

and the Somerville Journal, and alleges that Plaintiff "**[i]s a scummy dude**."

    g.    Then just over two months later, Defendant Filcman published Not A Question Blog Article entitled "Not a question best answered by the Wheel", which alleges that, among other things, Plaintiff is a child "**molester**" and that she does not want to "**forgive**" him (*emphasis in original*).

    h.    A response to the Not A Question Blog Article published by Doe Defendant Courtney of Ward5Online.com on March 9, 2010, alleges that she believes in the truth of these blog articles and requests "**an update as to whether or not [Plaintiff] allowed a drunk 12 year-old to answer that question [in the blog article]?.**"

40.    These statements posted to the Will I Be Arrested Blog Article and Not A Question Blog Article, among others, are false, defamatory, and intended by Filcman, Newman and Doe Defendants to harm Plaintiff in his business and reputation, as well as cause physical harm to Plaintiff and Plaintiff's businesses.

41.    Defendant Newman glories in, brags about the success, and continues in the ongoing collaborate efforts to cybersmear Plaintiff in not only with the Will I Be Arrested Blog Article and Not A Question Blog Article, and the responses thereto, but also at the "davis square" forum on LiveJournal located at <http://davis-square.livejournal.com/2101375.html?thread=24730751>, which Newman is the moderator of such forum.

42.     Within this "davis square" forum on LiveJournal, there are several blogs about

Plaintiff and Plaintiff's businesses, including but not limited to:

| "davis square" forum on LiveJournal owned by Newman | Original          Poster "Owner" |
|---|---|
| <http://davis-square.livejournal.com/2101375.html?thread=24730751> | Doe         Defendant "plumtreeblossom" |
| <http://davis-snark.livejournal.com/55007.html> | Doe         Defendant "myselftheliar" |
| <http://davis-snark.livejournal.com/56198.html> | Doe         Defendant "thetathx1138" |
| <http://davis-snark.livejournal.com/55897.html> | Doe         Defendant "plumtreeblossom" |
| <http://davis-snark.livejournal.com/54693.html> | Doe         Defendant "bombardiette" |
| <http://www.journalfen.net/community/otf_wank/630958.html> | Doe         Defendant "helenvalentine" |
| <http://sf-drama.livejournal.com/2756955.html> | Doe         Defendant "Sunshineyellow" |
| <http://davis-square.livejournal.com/1889533.html> | Doe     Defendant     " bluesauce" |
| <http://davis-square.livejournal.com/1870797.html> | Doe Defendant |
| Any other currently unknown "davis square" forums on LiveJournal discussing Plaintiff | Presently     unknown Doe Defendant(s) |

collectively, these blogs are referred to as the **"davis square blogs,"** which each are attached and

incorporated hereto as **Exhibits 4**, **5**, **6**, **7**, **8**, **9**, **10**, **11** and **12**.

43.     Newman, along with other Doe Defendants, published to others, commencing on

February     4,     2010,     and     continuing     thereafter,     at     <http://davis-

square.livejournal.com/2101375.html?thread=24730751> many misleading, false, defamatory

and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and

Plaintiff's businesses, including, but not limited to:

| Comment | LiveJournal User |
|---|---|
| "[Plaintiff has] perpetrated a dating site scam, which is documented in papers of record."<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "thetathx1138" |
| "I don't know, but it's not his first foray into famed creepiness:<br><br>http://encyclopediadramatica.com/Jonmon"<br><br>The "How to Epically Troll [Plainiff]" published comments at Encyclopedia Dramatica is a collaborative agreement by the Doe Defendants to engage in any tactics to defame and destroy Plaintiff. By posting a link to this original Encyclopedia Dramatica page about Plaintiff that had a section saying "How to Epically Troll [Plaintiff]", it lends credence to Plaintiff's claim that this Doe Defendant was starting this thread maliciously. | Doe Defendant "plumtreeblossom" |
| "[Plaintiff] is not looking to "care about them." [Plaintiff] is looking to FUCK THEM WITH HIS PENIS. How stupid and in-denial are you? This is a sexual predator in our community. If you so revere his actions, then go help him liquor them up so you can get arrested with him."<br><br>This is a false and untrue statement damaging Plaintiff | Doe Defendant "plumtreeblossom" |
| "[Plaintiff] were sent a cease-and-desist letter after harassing a Harvard student"<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "thetathx1138" |
| "That's how you get on Encyclopedia Dramatica. Go there and search "Jonmon"; I'm not willing to post the link because they sometimes check pingbacks and I don't want to lure in trolls."<br><br>This is a false and untrue statement damaging Plaintiff. Again, Doe Defendants connecting to Encyclopedia Dramatica lends additional credence to Plaintiff's claim that Doe Defendants are maliciously trying to damage Plaintiff. | Doe Defendant "thetathx1138" |
| "[Plaintiff] WAS PROVIDING ALL THOSE 16-YEAR OLDS WITH SAGE ADVICE AND GUIDANCE"<br><br>This is a false and untrue statement damaging Plaintiff, | Doe Defendant "clevernonsense" |
| "Raise your hand if you're surprised that creepy Jonny acted like a creep, lied to the cops, and was trying to get kids liquored up. No? Nobody? Me either. Fuck. I'm just glad this piece of shit got caught. I hope they give it to him with both barrels." | Doe Defendant "bluesauce" |

| | |
|---|---|
| This is a false and untrue statement damaging Plaintiff. | |
| "When those interactions include restraining order violations, breaking into computer accounts, harassment…" <br><br> This is a false and untrue statement damaging Plaintiff. | Doe Defendant "firstfrost" |
| "this man is a known creep and has a social rap sheet as long as my arm of sexual harrassment and preying on young women who don't know better" <br><br> This is a false and untrue statement damaging Plaintiff. | Doe Defendant "contradictacat" |
| "I think the reason you're seeing such a strong reaction against this gentleman is due to previous examples of less-than-consensual interaction in the past." <br><br> This is a false and untrue statement damaging Plaintiff. | Doe Defendant "firstfrost" |
| "Welcome to your encyclopedia dramatica page." <br><br> Additional evidence linking LiveJournal thread other third party websites in order to deliberately damage Plaintiff. | Doe Defendant "j_p2353" |
| "Now, now. Jon was simply doing his patriotic duty to educate these women. Like when the colonists dumped all the alcohol and young girls into the harbor during the Boston Jailbait Party." <br><br> This is a false and untrue statement damaging Plaintiff. | Doe Defendant "cystennin" |
| "17 and 24 is a lot different from the situation being described in that newspaper article" <br><br> This is a false and untrue statement damaging Plaintiff. Additionally, by Newman's own words, he is reading the articles to mean CHILDREN, rather than 18 to 21 year olds. | Defendant Newman <br> ron_newman |

44.     Newman, along with other Doe Defendants, published to others, on February 5, 2010, and continuing thereafter at <http://davis-snark.livejournal.com/55007.html>, which blog page is owned by user Doe Defendant **rufinia**, and possibly Doe Defendant **bombardiette**, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "If you haven't read the [Encyclopedia Dramatica] article, it's...memorable."<br><br>This is a false and untrue statement damaging Plaintiff.   Again, another deliberate enticement to damage Plaintiff's character as demonstrated in at the This is a false and untrue statement damaging Plaintiff. Article. | Doe    Defendant "thetathx1138" |
| "As I may have told you, I certainly should have, I cashed out of Turbine in May 2008. Turbine is the huge videogames company I founded in 1994. I took a substantial hit to cash out "early"....<br><br>During the hibernation period in 2009, I tried my hand at being an artist, running the Wheel Questions project in Harvard Square, see http://WheelQuestions.org and also running a huge charity event, see http://MonsterMarch.org. I was unable to get either to benefit me financially, and right now I am semi-homeless... I'm crashing on my own sofa and renting my room out, with permission from my other roommates.<br><br>My plan at the moment is to apply for grants for a Wheel Questions project in 2010. Also, my blog on events in New England, http://WeirdBostonEvents.org fetched $4,000 in paid sponsorships so I may try to grow that. I'm also working on a Wheel Questions book."<br><br>Publishing Plaintiff's text from his email and without Plaintiff's consent is a copyright infringement. | Doe    Defendant "awfief" |
| "he's shooting *underage* and missing by a mile."<br><br>This is a false and untrue statement damaging Plaintiff. | Doe    Defendant "awfief" |
| "Where's a schizo kid with some matches when we need him."<br><br>This is a false and untrue statement damaging Plaintiff, including threats of physical harm to Plaintiff or his property. | Doe    Defendant "myselftheliar" |
| "I'm another of the moderators and will confirm what surrealestate said above. She and Mare and I jointly decided on this course of action at last night's Ball Square Bowling event, and I subsequently got the agreement of moderator prunesnprisms as well. Mare has now edited the post with an explanation and has turned on comment screening."<br><br>Defendant Newman admits to making editorial changes to his blogs. Additionally, this is a false and untrue statement damaging Plaintiff. Newman's statements confirm that Newman has made the other davis square moderators aware of the abuse. | Defendant Newman ron_newman |

45.    Newman, along with other Doe Defendants, published to others, on February 10, 2010, and continuing thereafter at <http://davis-snark.livejournal.com/56198.html>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses , including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "Also, there's a photo on his [Encyclopedia Dramatica] entry. Imagine a stereotypical nerd without the charm."<br><br>Another reference to Encyclopedia Dramatica further ties Defendants into the deliberate "How to Epically Troll This Guy." | Doe Defendant "thetathx1138" |
| "http://encyclopediadramatica.com/Jonmon"<br><br>Yet another Encyclopedia Dramatica reference. | Doe Defendant "thetathx1138" |
| "Enyclopedia Dramatica"<br><br>Yet another Encyclopedia Dramatica reference | Doe Defendant "contradictacat" |
| "I didn't realize this was a public entry rather than a friendslocked one, so maybe we should clobber this whole subthread."<br><br>Newman admits that his unlawful conduct may cause him to be liable to Plaintiff for damages. | Defendant Newman ron_newman |
| "It almost makes you wonder if some of the information culled by the ever vigilant DS Snarkers shouldn't be turned over to authorities to investigate possible child sexual exploitation."<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "bombardiette" |
| "Arriving way late to this party, but do you still have those photos/that username? I have been doing part-time work for this guy helping him with his shitcrap blog for about two months, and then I uncovered all THIS last week. It's been overwhelming... And a little funny, too, if I'm honest. I think I almost ended up at one of his "kink" parties too, but a friend talked me out of it!"<br><br>This is a false and untrue statement damaging Plaintiff.  Also shows how Defendants are are damaging Plaintiff's businesses. | Doe Defendant "lost_ligeia" |

46.      Doe Defendants published to others, on February 10, 2010, and continuing thereafter at <http://davis-snark.livejournal.com/55897.html>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
| --- | --- |
| "Underage kink parties with Jon Mon"<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "bombardiette" |

47.      Newman, along with other Doe Defendants, published to others, on February 4, 2010, and continuing thereafter at <http://davis-snark.livejournal.com/54693.html>, the misleading false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
| --- | --- |
| "Stop Picking on the Rapist/Con-Man, Demmit!"<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "bombardiette" |
| "HOW DARE YOU PICK ON A MAN WHO RUNS NUMEROUS SCAMS TO SCORE BARELY LEGAL GIRLS (said sarcastically)"<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "derspatchel" |
| "HE IS ONLY GIVING THEM WHAT THEY NEEEEEEED AND IF YOU DON'T LIKE HIM GIVING THEM PASSED-OUT DICKINGS THEN YOU SHOULD GIVE THEM BETTER DICKINGS YOURSELF'<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "plumtreeblossom" |
| "I so advocate dunking this guy in a pond. Over and over and over... "<br><br>Another statement encouraging violence to Plaintiff. | Doe Defendant "bombardiette" |
| "sleeping with underage girlies is still statuatory rape and there is plenty of first hand anecdotal evidence on the internet to support that activity."<br><br>This is a false and untrue statement damaging Plaintiff. | Doe Defendant "bombardiette" |

| | |
|---|---|
| "everything I have ever heard about the guy is that at best the reason he's not a rapist is not "lack of effort"."<br><br>This is a false and untrue statement damaging Plaintiff. | Doe    Defendant "thetathx1138" |
| "More links, from the MIT student newspaper in 2003-04."<br><br>These articles coupled with the other false and untrue statements in this blog are collectively damaging Plaintiff. | Defendant Newman<br>ron_newman |

48.     Doe Defendants published to others, on or about February 4, 2010, and continuing thereafter at <http://www.journalfen.net/community/otf_wank/630958.htm>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "Apparently, neighborhood creeper JonMon was arrested for throwing a loud party at which he served alcohol to hordes of teenage girls."<br><br>This statement implies Plaintiff is a child molester and is damaging Plaintiff. | Doe    Defendant "helenvalentine" |

49.     Newman, along with other Doe Defendants, published to others, on February 4, 2010, and continuing thereafter at <http://sf-drama.livejournal.com/2756955.html>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "Over in davis_square , we learn that finding humor in yet another shenanigan of Jonmon makes you a bully."<br><br>This is a false and untrue statement damaging Plaintiff.  Additionally, this blog entry provides a link to Enyclopedia Dramatica and a connection between the Defendants and Enyclopedia Dramatica's declaration "How To Epically Troll This Guy". | Doe    Defendant "sunshineyellow" |
| "Oh, that poor child predator." (refers to Plaintiff) | Doe    Defendant "missmayinga" |

| | |
|---|---|
| This is a false and untrue statement damaging Plaintiff. | |
| "lol, there was just a spate of vandalism to the ED article." <br><br> This blog entry provides a link to Enyclopedia Dramatica and a connection between the Defendants and Enyclopedia Dramatica's declaration "How To Epically Troll This Guy". | Doe Defendant "paradoxx181" |
| "Yes, sexual predators are always doing it for the children teens. This guy is a famous creepazoid: back in the day, he set up some kind of dating site thingy at MIT and hit on various women who were looking to meet guys-- guys who were their age-appropriate classmate, not Sleazebag McPervypants who set up the site or whatever it was. " <br><br> This is a false and untrue statement damaging Plaintiff. Additionally, this blog entry provides a link to Harvard Reporter and a connection between the Defendants and the Harvard Reporter article. | Doe Defendant "icecreamempress" |
| "I've met him for reals several times through kink circles and every time wanted to slap him in the face (violence)" <br><br> This is a false and untrue statement damaging Plaintiff. Additionally, a statement encouraging violence to Plaintiff. | Doe Defendant "lil_laurel" |

50.     Doe Defendants published to others, on February 4, 2010, and continuing thereafter at <http://davis-square.livejournal.com/1889533.html>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "I saw a bunch of high school age girls checking it out. Seemed like it was drawing in his type." <br><br> This is a misleading and defamatory statement damaging Plaintiff. | Doe Defendant "bluesauce" |
| "maybe they're just too old for him. [teenage girls]" <br><br> This is a misleading and defamatory statement damaging Plaintiff. | Doe Defendant "laura47" |
| "Feel the terror. (uses my copyrighted image to make a new ugly image that's intended to defame me)" <br><br> This is a misleading and defamatory statement damaging Plaintiff. | Doe Defendant "bluesauce" |

51.    Doe Defendants published to others, on February 4, 2010, and continuing thereafter at <http://davis-square.livejournal.com/1870797.html>, the misleading, false, defamatory and damaging statements about Plaintiff in furtherance of his efforts to defame Plaintiff and Plaintiff's businesses, including but not limited to:

| Comment | LiveJournal User |
|---|---|
| "Welcome to JonMon's world. Look him up on Encyclopedia Dramatica."<br><br>This is a misleading, false and defamatory statement damaging Plaintiff. | Doe Defendant "srakkt" |
| "trying to lure teenage girls into his house"<br><br>This is a misleading, false and defamatory statement damaging Plaintiff. | Doe Defendant "contradictacat" |
| links to Encyclopedia Dramatica<br><br>This blog entry provides a link to Encyclopedia Dramatica and a connection between the Defendants and Encyclopedia Dramatica's declaration "How To Epically Troll This Guy". | Doe Defendant "genesayssitdown" |
| "sexual predator"…<br><br>This is a misleading, false and defamatory statement damaging Plaintiff. | Doe Defendant "bluesauce" |

52.    Filcman, Newman and Doe Defendants' campaign against Plaintiff is not limited to the blog articles and responses; they also posts comments on various other websites, *e.g.*, Encyclopedia Dramatica, and then cross reference them via statements in the above davis square blogs, that link to these blog articles in an effort to further discredit and impugn the character of Plaintiff through misleading, false and defamatory statements about Plaintiff.

53.    Specifically,    through    content    published    at <http://tech.mit.edu/V123/N20/20matchup.20n.html>,    <http://hlrecord.org/?p=12014>, <http://encyclopediadramatica.com/Jonmon>    and <http://encyclopediadramatica.se/index.php?title=Jonmon>, Defendants continue to make false

and damaging comments about Plaintiff. A copy of these blog entries are attached and incorporated hereto as **Exhibits 13 (hard copy version), 14, 15** and **16**.

54.    These statements posted at the above URLs are misleading, false, defamatory, and intended by Defendants to harm the Plaintiff in his business and reputation.

55.    The actions of the Defendants were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiffs.

56.    Any reasonable due diligence into the actual circumstances of the identified January 29, 2010 party would have informed the Defendants that such party was not Plaintiffs, but rather "Trano."

57.    Any comments about how the party was organized, who attended it and what was served to them should have been directed to "Trano" and not Plaintiff.

58.    Due to their intentional plan to damage the reputation of Plaintiff and Plaintiff's businesses in an unfair, deceptive, or oppressive way, Defendants spun the facts and circumstances surrounding this party well beyond the clear line of a factual report of this party, and to a wide spread cybersmear campaign that has significantly damaged Plaintiff and Plaintiff's businesses.

59.    In addition to the ongoing efforts and conspiracy to smear Plaintiff's reputation and interference with Plaintiff's businesses and such businesses' prospects by way of false and defamatory Internet postings as referenced above, Filcman has posted images taken from Plaintiff's websites (attached and incorporated hereto as **Exhibit 17**) by publishing Plaintiff's photograph and literary work in the Not A Question Blog Article (attached and incorporated hereto as **Exhibit 18**).

60.     Doe Defendants have also posted images take from Plaintiff (attached and incorporated hereto as **Exhibit 17**) by publishing Plaintiff's photograph and literary work at <http://davis-snark.livejournal.com/55007.html>                and                <http://davis-square.livejournal.com/1889533.html> (attached and incorporated hereto as **Exhibits 19** and **20**), and at other web pages currently unknown to Plaintiff.

61.     Plaintiff is the exclusive owner of the images from his websites used by Filcman and Does Defendants and as referenced herein this Complaint.

62.     Filcman and Doe Defendants did not seek, and has not been given, license to use the images from Plaintiff's websites used by Filcman and Doe Defendants and referenced herein this Complaint.

63.     The actions by Filcman and Doe Defendants were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for the rights of Plaintiff.

64.     The collective acts of the Defendants have caused actual damages to Plaintiff, including but not limited to, thousands of dollars incurred in medical and medicine expenses, additional advertising and marketing employed in an attempt to counteract the unlawful acts of the Defendants as alleged herein this Complaint, expensed incurred with multiple apartment evictions caused by landlords reading and believing the misleading and false statements of the Defendants, attorneys fees and other legal related expenses in attempts to take down the false and misleading statements of the Defendants, lost business opportunities caused by business parties declining to do business with Plaintiff as a result of reading and believing the misleading and false statements about Plaintiff, and other forms of damages not currently known to Plaintiff.

## FIRST CLAIM FOR RELIEF
### (Massachusetts Defamation/Libel)

65.     Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

66.     Defendants knowingly published to the public the above-referenced false and untrue statements about Plaintiff, constituting defamation under the Law of Massachusetts.

67.     Defendants' publishing of words on various Internet postings and blogs referenced above, are susceptible of but one meaning and of such nature that they tend to disgrace and degrade Plaintiff or hold him up to public hatred, contempt, or ridicule or cause him to be shunned or avoided and are libelous *per se*, or, when considered with innuendo, colloquium and explanatory circumstances are libelous.

68.     As a direct result of Defendants' defamatory statements, Plaintiff has suffered serious damages, including emotional distress and injury to his reputation, regard, esteem and goodwill associated with his name and businesses.

69.     As a direct result of Defendants' actions, Plaintiff has suffered irreparable harm, substantial financial losses, and damage to his business and personal reputations.

70.     Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for Plaintiff's rights.

71.     As a direct result of Defendants' actions, Plaintiff has suffered great losses, and unless and until Defendants' actions are enjoined, Plaintiff will continue to suffer actual damages and irreparable harm to his professional reputations.

72.     Plaintiff has no adequate remedy at law.


## SECOND CLAIM FOR RELIEF
### (Violation of Massachusetts Deceptive Trade Practices Act, Mass. Gen. L. ch. 93A §2 *et seq.*)

73.     Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

74.     This claim arises under Mass. Gen. L. ch. 93A §2 *et seq*.

75.     Plaintiff relies upon his reputation to promote and sell his goods and services to clients and consumers.

76.     Defendants have made false and defamatory statements against Plaintiff and Plaintiff's businesses, in an effort to effort to destroy Plaintiff's businesses in an unfair, deceptive, or oppressive way, as set forth above in this Complaint.

77.     Through their statements, Defendants disparaged Plaintiff and Plaintiff's businesses, and engaged in and conspired to engage in unfair or deceptive acts or practices in or affecting commerce as set forth in Section 1 of Mass. Gen. L. ch. 93A, *et seq*.

78.     Defendants' campaign of continuous false, unjustified, and unsubstantiated statements and allegations constitutes a willful and malicious engagement in the deceptive acts or practices described herein.

79.     As a direct result of Defendants' actions, Plaintiff has suffered irreparable harm, substantial financial losses, and damage to Plaintiff's businesses' reputation, including but not limited to, loss of money, value of personal property and substantial injury to competitors or other business, as alleged herein this Complaint.

80.     Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for Plaintiff's rights.

81.     As a direct result of Defendants' actions, Plaintiff has suffered great losses, and unless and until Defendants' actions are enjoined, Plaintiff will continue to suffer actual damages and irreparable harm to his professional reputation.

82.     Plaintiff has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Massachusetts Commercial Disparagement)

83.     Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

84.     This claim for relief arises under Massachusetts common law.

85.     As complained of above, Defendants have published false and disparaging statements about the Plaintiff with malice and without privilege, resulting in damage to Plaintiff and Plaintiff's businesses.

86.     Defendants' statements about Plaintiff as particularly plead above are false and untrue, and disparaged Plaintiff's products and services.

87.     By telling such particularly plead statements referenced above to customers and/or potential customers of Plaintiff via the Internet to a wide range of persons in the public, Defendants published the disparaging statement to one or more people.

88.     Defendants negligently published such false and disparaging statements concerning Plaintiff, causing a customer and/or potential customers to regard Plaintiff as dangerous, and imputing deceit, dishonesty and reprehensible conduct to Plaintiff.

89.     Defendants published the false and disparaging statements about Plaintiff, causing Plaintiff to suffer special and general damages, including the monetary loss of an important and valuable client, *This Is Me, Atheist* website, and other unknown prospects, and injury to the reputation of Plaintiff's businesses.

90.     Defendants' publishing of false and disparaging statements about Plaintiff has also caused him to lose at least one key contractor at one of Plaintiff's businesses.

91.     Defendants acts as alleged herein this Complaint have also damaged Plaintiff's businesses in an amount currently not known to Plaintiff.

92.     Defendants published the false and disparaging statements with the knowledge that the statements were false, or with reckless disregard as to the falsity of the statements.

93.     Defendants' actions complained of herein constitute commercial disparagement under Massachusetts common law.

94.     As a direct result of Defendants' defamatory statements, Plaintiff has suffered serious damage to the reputation, regard, esteem and goodwill associated with his names.

95.     As a direct result of Defendants' defamatory statements, Plaintiff has not been able to market himself and his businesses on the Internet, or elsewhere, to generate new leads and customers.

96.     As a direct result of Defendants' actions, Plaintiff has suffered irreparable harm, substantial financial losses, and damage to Plaintiff's businesses and his personal reputation.

97.     Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for Plaintiff's rights.

98.     As a direct result of Defendants' actions, Plaintiff has suffered great losses, and unless and until Defendants' actions are enjoined, Plaintiff will continue to suffer actual damages and irreparable harm to his professional reputation.

99.     Plaintiff has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**(Common Law Copyright Infringement)**

100.    Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

101.    As alleged above, Plaintiff is the exclusive owner of the images attached hereto as **Exhibit 17** (collectively "**the copyrighted materials**").

102.    The copyright materials are unique intellectual property subject to common-law copyright protection under the laws of the State of Massachusetts.

103.    Plaintiff possesses "all exclusive rights" in and to the copyright materials.

104.    Plaintiff has not authorized any of the Defendants to reproduce or distribute the copyright materials.

105.    Filcman and Doe Defendants have had access to the copyrighted materials through the Internet.

106.    Filcman misappropriated the copyrighted materials by copying them from Plaintiff's website on the Internet, *e.g.*, <http://wheelquestions.org/blog/2010/03/should-i-forgive-my-molester-d.html> as shown in **Exhibit 18**.

107.    Doe Defendants misappropriated the copyrighted materials by copying them from the Plaintiff's possession as shown in **Exhibit 19**.

108.    Filcman and Doe Defendants misappropriation of the copyrighted materials were not for fair use or satire purposes, but rather was in furtherance of their collective willful, wanton and reckless tortious conduct as alleged throughout this complaint.

109.    Filcman and Doe Defendants are liable for common law infringement of the copyright materials.

110.    As a direct and proximate result of Filcman and Doe Defendants' willful, wanton and reckless tortious conduct, Plaintiff is entitled to compensatory and punitive damages in an amount to be proven at trial.

111.    Filcman and Doe Defendants have willfully infringed upon Plaintiff's copyrights with respect to the copyrighted materials.

112.    Filcman and Doe Defendants have used Plaintiff's copyrighted materials to impugn the character of Plaintiff, as a result of which Plaintiff has sustained, and will continue to sustain, substantial injury, loss and damage in an amount to be proven at trial.

113.    The infringement by Filcman and Doe Defendants of Plaintiff's copyrighted materials has caused Plaintiff irreparable harm and injury and unless and until Filcman is immediately and permanently enjoined, Plaintiff will continue to suffer irreparable harm and injury.

114.    Plaintiff has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
**(Intentional Infliction of Emotional Distress)**

115.    Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

116.    As set forth herein, Defendants' ongoing efforts and conspiracy to intentionally and recklessly smear Plaintiff's reputations, infringe upon Plaintiffs' intellectual property, and interfere with Plaintiff's business and business prospects by way of false and defamatory Internet postings, and the foreseeable damages that would be sustained by Plaintiff by such tortious conduct was extreme and outrageous.

117.    As set forth herein, the Defendants' extreme and outrageous conduct was intended to cause severe emotional distress to Plaintiff, including but not limited to the willful and malicious scheme to hurt and damage Plaintiff with severe emotional distress.

118.    As set forth herein, the alleged tortious conduct alleged herein did in fact cause Plaintiff to suffer severe emotional distress, including but not limited to, aggravated existing illness, anxiety, appetite loss, concentration loss, crying, fear, high blood pressure, humiliation or embarrassment, hypertension, illness, irritability, affected job performance, job loss, nightmares, privacy loss, affected relationships, affected reputation, shortness of breath, sleep loss, stress, severe weight gain.

119.    As a result of the conduct and damages suffered herein, Defendants have caused intentional infliction of emotional distress to Plaintiff.

120.    As a direct and proximate result of causing intentional infliction of emotional distress to Plaintiff as set forth herein, Plaintiff has incurred actual damages as alleged herein and in an amount in excess of Twenty-Five thousand dollars ($25,000.00).

121.    Plaintiff is entitled to have and recover of Defendants, jointly and severally, punitive damages for the intentional infliction of emotional distress that Defendants caused Plaintiff to suffer under Mass. Gen. Laws ch. 229, § 2, and an award of attorneys' fees.

## SIXTH CLAIM FOR RELIEF
### (Civil Conspiracy)

122.    Plaintiff repleads and restates as if herein set forth in full all of the allegations of this Complaint.

123.    The Defendants conspired, as alleged above, to commit unlawful acts, or to do lawful acts in an unlawful way.

124.    The Defendants' conspiracy involved a common scheme to defame Plaintiff, damaging his character, reputations and business.

125.    One or more of the Defendants, in furtherance of their conspiracy, committed an overt act in furtherance of that conspiracy.

126.    As a direct result of Defendants' overt acts and conspiracy, Plaintiff has suffered irreparable harm, substantial financial losses, and damage to his business and personal reputations.

127.    Defendants' actions were malicious, intentional, oppressive, outrageous, and evidence a complete callous disregard for Plaintiff's rights.

128.    As a direct result of Defendants' overt acts and conspiracy, Plaintiff has suffered great losses, and unless and until Defendants' actions are enjoined, Plaintiff will continue to suffer actual damages and irreparable harm to their professional reputations.

129.    Plaintiff has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendants, on each of his claims, and grant Plaintiff the following relief:

1.    Enter judgment in favor of Plaintiff on each of his claims;

2.    Adjudge that Defendants have defamed and libeled Plaintiff, and preliminarily and permanently enjoin Defendants from engaging in further defamation of Plaintiff;

3.    Adjudge that Defendants have violated Massachusetts Unfair and Deceptive Practices statute Mass. Gen. L. ch. 93A, and preliminarily and permanently enjoin Defendants from engaging in further deceptive acts or practices against Plaintiff;

4.    Adjudge that Defendants have committed commercial disparagement, and preliminarily and permanently enjoin Defendants from engaging in further such practices against Plaintiff;

5.    Adjudge that Filcman and Doe Defendants have infringed upon Plaintiff's copyrights, and preliminarily and permanently enjoin Filcman and Doe Defendants from engaging in further infringement against Plaintiff;

6.    Adjudge that Defendants have conspired against the Plaintiffs, and preliminarily and permanently enjoin Defendants from engaging in further such practices against Plaintiffs;

7.    Enter an Order directing Defendants to take down the blog articles and responses in their entirety;

8.    Enter an Order requiring the delisting and removal of the URLs and any cached copies of Defendants' Internet postings complained of herein, known or currently not known as of the filing of this Complaint, and any similar postings, from the search results of Google and any other search engines;

9.    Award Plaintiff compensatory damages in an amount to exceed $500,000.00;

10.   Award Plaintiff punitive damages in an amount to exceed $5,000,000.00;

11.   Award Plaintiffs trebled damages pursuant to Mass. Gen. Laws ch. 229, § 2 or on such other grounds as the Court may deem appropriate;

12.   Award Plaintiff his attorneys' fees, and on such other grounds as the Court may deem appropriate;

13.   Award Plaintiff his costs;

14.   Award costs and disbursements plus interest from the date of commencement of the within action; and

15.   Award Plaintiff such other further relief as this Court may deem equitable.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated:  April 30, 2013

Respectfully Submitted,

JONATHAN GRAVES MONSARRAT
By his attorneys,

(w/permission)

_____
Mark W. Ishman, Esq.
Lead Counsel
*pro hac vice application pending*
NC Bar No. 27908
Ishman Law Firm, P.C.
9660 Falls of Neuse Road
Suite 138-350
Raleigh, NC  27615
Tel:    (919) 468-3266
Fax:    (919) 882-1466
E-Mail: mishman@ishmanlaw.com

_____
David M. Click, Esq.
Local Counsel
MA Bar No. 677043
Denner Pellegrino, LLP
Four Longfellow Place, 35th Floor
Boston, MA 02114
Tel.: (617) 227-2800
Fax: (617) 973-1562
E-Mail: dclick@dennerpellegrino.com

*Attorneys for Plaintiff*