From: **Dan** dan@danboothlaw.com
Subject: Re: Monsarrat v. Newman LOCAL RULE 7.1(a)(2)
Date: November 27, 2020 at 4:03 PM
To: rgoren@richardgorenlaw.com
Cc: Ryan Sullivan rsullivan@curranantonelli.com

Richard,

Thank you for your response.

We will file the request for judicial notice along with the motion to dismiss on Monday, because we are seeking notice of highly probative materials that are necessary for the Court to assess the motion. Analyzing any copyright infringement claim entails a review of the plaintiff's copyrighted work and the defendant's use in their full context. Likewise the Court must examine the allegedly defamatory statements in the full context in which they were published, not just the partial quotations in the complaint. We will also provide the Court the full Wikipedia pages and December 2017 Dreamwidth post quoted in the complaint.

Filing these materials should not be objectionable. They are either directly incorporated into the complaint by reference or otherwise subject to judicial notice. Further, Mr. Monsarrat filed many of the materials in his state court action in 2010 on the public docket, where they remain, and he did not object to the filing of the three exhibits in the *Zaiger* action on the public docket, where they remain. Mr. Monsarrat opposed the filing of different documents in *Zaiger* that have been placed under seal.

Our motion to dismiss will note that Mr. Momsarrat will stipulate to removing the extraneous allegations from the lawsuit, and our request for judicial notice will note that you will confer after the filing.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
646-573-6596
dan@danboothlaw.com


> On Nov 27, 2020, at 1:05 PM, rgoren@richardgorenlaw.com wrote:
>
> Hi Dan
>
> Thank you for your kind thoughts and your patience with my limited time this week. I respond here to your two stated LR7.1(a)(2) contentions.
>
> First the plaintiff will stipulate to the removal/dismissal of the three allegedly defamatory comments that were not in fact published on Dreamwidth. Ryan will draw a draft stipulation to remove those allegations from the lawsuit; upon agreement as to form the plaintiff agrees to promptly file such stipulation.
>
> Second, as to your proposed judicial notice

filings:

Your proposed filing of these materials would republish in the public record unnecessary, scandalous materials about Mr. Monsarrat that I cannot conceivably even begin to imagine probative on your motion to dismiss without first seeing the motion to dismiss.  So I will confer with you about these proposed judicial notice filings <u>after</u> reviewing your motion to dismiss.

After we so confer if in good faith you still believe such to be probative on Judge Stearns' adjudication of your motion to dismiss presumably whether the amended complaint (minus the stipulated withdrawn allegations) plausibly alleges a basis for relief you may then move for leave to file.

We will await your motion to dismiss.

I should have some time in the middle of next week to confer.

Best

Richard


Law Office of Richard Goren
Richard A. Goren
29 Crafts Street Suite 500
Newton MA 02458-1461
Telephone: 617-933-9494
Mobile: 617-797-4529
Email: rgoren@richardgorenlaw.com
www.richardgorenlaw.com

**From:** Dan Booth <dan@danboothlaw.com>
**Date:** Friday, November 27, 2020 at 11:45 AM
**To:** "rgoren@richardgorenlaw.com" <rgoren@richardgorenlaw.com>
**Subject:** Re: Monsarrat v. Newman

Hi Richard,

I hope your procedure went alright and your Thanksgiving was good. Can we schedule a call this afternoon to discuss? Thank you.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
danboothlaw.com

> On Nov 24, 2020, at 2:05 PM, rgoren@richardgorenlaw.com wrote:
>
> ```
> Hi Dan
>
> Sorry I missed your call. I am dealing
> with some medical stuff today including
> an outpatient, invasive procedure
> shortly that will more than occupy the
> rest of the day.
>
> I will try to get you tomorrow and
> failing that on Friday.
>
> At a glance I do not understand your
> suggestion of a motion to take judicial
> notice.  This seems completely uncalled
> for but perhaps you can explain when we
> confer.
>
> Richard
> ```

Law Office of Richard Goren
Richard A. Goren
29 Crafts Street Suite 500
Newton MA 02458-1461
Telephone: 617-933-9494
Mobile: 617-797-4529
Email: rgoren@richardgorenlaw.com
www.richardgorenlaw.com

**From:** Dan <dan@danboothlaw.com>
**Date:** Tuesday, November 24, 2020 at 11:28 AM
**To:** "rgoren@richardgorenlaw.com" <rgoren@richardgorenlaw.com>
**Cc:** Ryan Sullivan <rsullivan@curranantonelli.com>
**Subject:** Monsarrat v. Newman

Richard,

I hope you've been well. I left you a voicemail about an hour ago and I'm following up with more detail.

By November 30 we intend to file a motion to dismiss. Please let me know if we may indicate that Mr. Monsarrat assents to (or does not oppose) dismissing the allegations that remain in the amended complaint about three allegedly defamatory comments that did not appear on the Davis Square LiveJournal forum. From ¶ 8 of the Amended Complaint, the "Rapist/Con-Man" thread was on the Davis Snark forum and the "child predator" comment was in an SF Drama forum; and the "molester" comment (see Amended Complaint ¶ 21(i)) appeared on the Somerville Journal's Wicked Local Somerville website, not LiveJournal. Your client correctly identified the sources of those statements in his 2013 state court complaint at ¶¶ 39(g), 47 & 49. So as I've mentioned, migrating the Davis Square forum to Dreamwidth did not affect those comments.

We will also file a request for judicial notice of the following documents and web pages, so that the Court can review the underlying statements as originally published and on Dreamwidth in their full context.

- Mr. Monsarrat's 2013 state court amended complaint, its Exhibits 2, 3, 4, and 12, his notice of voluntary dismissal, and the case docket sheet;
- The "Violation of LiveJournal abuse policies" post, on Davis Square LiveJournal and on Dreamwidth;

- The "Wheel Questions," "Today's Somerville Police Blog," and "Help! I am being sued for my participation in davis_square" threads, as migrated to Dreamwidth;
- The "JonMon loses another lawsuit, this time against Encyclopedia Dramatica" thread, and three pages hyperlinked in its first post: the Universal Hub article, the "Victory! The Jonmon lawsuit is over! Dismissed voluntarily with prejudice by the plaintiff" thread on Dreamwidth, and the "jonmon" tag page on Dreamwidth;
- The Wikipedia entry pages about LiveJournal and Dreamwidth; and
- The 2017 order dismissing the Zaiger action and three exhibits filed in that case: ECF Nos. 107-6, 107-7, and 107-10.

Please let me know if we may indicate that Mr. Monsarrat assents to (or does not oppose) judicial notice of all, or any of those documents and web pages.

Are you available to confer this week so we can narrow the issues for the Court to consider? Other than Thanksgiving day, I should be available. Thank you.

Regards,

Dan Booth
Dan Booth Law LLC
60 Thoreau Street #121
Concord, MA 01742
646-573-6596
dan@danboothlaw.com