UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 20-10810-RGS

JONATHAN MONSARRAT

v.

RON NEWMAN

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR AN
AWARD OF ATTORNEY'S FEES

February 26, 2021

STEARNS, D.J.

Defendant Ron Newman, having prevailed in this copyright infringement and defamation action, moves for an award of attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2), and 17 U.S.C. § 505. For the following reasons, the court will <u>ALLOW IN PART</u> and <u>DENY IN PART</u> the motion.

## DISCUSSION

"The Copyright Act allows a district court, in its discretion, to 'award a reasonable attorney's fee to the prevailing party' in a copyright-infringement case." *T-Peg, Inc. v. Vermont Timber Works, Inc.*, 669 F.3d 59, 61 (1st Cir. 2012) (quoting 17 U.S.C. § 505). The Supreme Court has identified several "'nonexclusive factors' that courts should consider in making awards of attorney's fees under § 505, provided that 'such factors are faithful to the

purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner.'" *Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 328 (1st Cir. 2017), quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994). "These factors include 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Fogerty*, 510 U.S. at 534 n.19, quoting *Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 156 (1986).

By determining that Newman's entitlement to two affirmative defenses was clearly established on the face of the Complaint itself, the court necessarily found that plaintiff Jonathan Monsarrat's claims were, by any objective measure, flimsy at best. That does not, however, end the court's inquiry. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016) (noting that, although objective reasonableness is "an important factor in assessing fee applications," it is not, standing alone, "controlling"); *cf. Airframe Sys., Inc. v. L-3 Commc'ns Corp.*, 658 F.3d 100, 109 (1st Cir. 2011) ("[W]hile the *Fogerty* standard—as interpreted in *Garcia-Goyco* and other cases—*permits* a court to award attorney's fees when the opposing party's claims are objectively weak, it does not *require* the court to do so. A district court has discretion to decline to award attorney's fees even when the

2

plaintiff's copyright infringement case is quite weak." (emphasis in original)).

Turning to the first and second of the *Fogerty* factors, the copyright claim at issue appears to be little more than a gratuitous frill appended to the Complaint to lever the case into the federal court.  The copyrighted work itself largely repeats the LiveJournal harassment policy, a factual matter that leaves no plausible argument that the challenged republication effectuated the same purpose as the underlying post.  Newman also makes the obvious point that, as the individual who originally posted the work on LiveJournal, Monsarrat was free at any time to remove it from the Dreamwidth website, with or without Newman's permission.  Because these circumstances indicate that vindicating the alleged infringement was not one of Monsarrat's true motives in pursuing the litigation, the court believes that Monsarrat filed this action in, at best, questionable good faith.

The assertion of the specific defamation claims raised in this case also supports a finding of questionable good faith.  The statements underlying the defamation claims were initially posted ten years ago, and Monsarrat already availed himself of the opportunity to litigate the alleged defamatory content of these statements in a 2013 suit against Newman that he ultimately voluntarily dismissed with prejudice.  Newman's counsel, moreover, raised

3

the issue of immunity under 47 U.S.C. § 230 in response to Monsarrat's March 19, 2020 demand letter, and taking into account that Monsarrat's counsel had litigated the *Small Justice* case cited by Newman's counsel in that response, Monsarrat could not have been unaware that § 230 would cover the republication alleged here.

The court further finds evidence of possible improper motivation in Monsarrat's motion to strike the exhibits submitted with Newman's motion to dismiss. Because the LiveJournal and Dreamwidth posts contained within those exhibits were explicitly incorporated by reference in the Complaint (and because the original posts were, in any event, a matter of public record given the 2013 suit), the court doubts that Monsarrat filed the motion to strike in good faith or that he could have reasonably believed that he was entitled to the requested relief.

In sum, given the weakness of Monsarrat's claims and the court's misgivings regarding Monsarrat's motivation for filing this suit, the court finds an award of attorney's fees warranted under § 505. The court is not convinced, however, that the requested $58,784 is a reasonable sum for a case that did not proceed past the motion to dismiss stage and for which the legal grounds had been previously tilled in the 2013 action. The court accordingly reduces the award to half the amount requested, that is to

$29,382, a sum which the court determines reasonably balances the need to compensate defendant for successfully defending against a meritless suit and to deter plaintiff from bringing frivolous actions in the future without venturing into the realm of what might be thought unnecessarily punitive.

## ORDER

For the foregoing reasons, the motion for fees is <u>ALLOWED IN PART</u> and <u>DENIED IN PART</u>. Newman is entitled to an award of $29,392 in attorney's fees.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE